**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Case No. 11-20551

JAMALL GIBSON,

    Defendant.
_____/

**ORDER CONSTRUING DEFENDANT'S "MOTION TO GRANT RESENTENCING IN LIGHT OF A NEW FACT" AS A SECOND OR SUCCESSIVE MOTION TO VACATE UNDER 28 U.S.C. § 2255 AND TRANSFERRING THE MOTION TO THE SIXTH CIRCUIT FOR CERTIFICATION**

Defendant Jamall Gibson pleaded guilty to conspiracy to distribute a controlled substance and was sentenced to 151 months incarceration. (ECF No. 1088.) In 2016, he filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he argued, among other things, that that criminal history section of his Presentence Report ("PSR") was improperly calculated because it included offenses that were expunged from his record. The court denied his motion to vacate, and the Sixth Circuit affirmed. (ECF Nos. 1747, 1769.) Thereafter, Defendant filed a "motion to reopen 2255 proceedings in light of newly discovered evidence" under Rule 60(b)(2) in which he argued that he had obtained "new evidence" that his 2010 animal cruelty conviction was "dismissed" in 2019 and, therefore, that the conviction was improperly included in his criminal history calculation. (ECF No. 1795, PageID.17752.)

Although Defendant filed his motion under Rule 60(b)(2), the court properly construed it as a second or successive motion to vacate and transferred it to the Sixth

Circuit for certification. (ECF No. 1828.) While this motion was pending before the Sixth Circuit, Defendant filed the instant "motion to grant resentencing in light of a new fact" pursuant to 28 U.S.C. § 2255(f)(4). (ECF No. 1835.) Roughly a month after Defendant filed the instant motion, the Sixth Circuit dismissed for lack of prosecution the transferred motion for certification. (ECF No. 1839.)

The instant motion constitutes Defendant's most recent attempt to argue that his diversionary sentence for a 2010 animal cruelty conviction was improperly used to calculate his criminal history. This is the same argument that has been rejected by this court and the Sixth Circuit. Defendant casts his motion under 28 U.S.C. § 2255 (f)(4), but the court will construe it as a successive habeas petition because it attacks the court's "previous resolution of a claim on the merits" related to Defendant's sentencing calculation, a claim already rejected by this court and the Sixth Circuit. *Nailor v. United States*, 487 F.3d 018, 1023 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Accordingly, the court will transfer the motion to the Sixth Circuit for certification under 28 U.S.C. § 1631. *See*, *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS ORDERED that Defendant's "Motion to Grant Resentencing in Light of a New Fact" (ECF No. 1835) is CONSTRUED as a second or successive motion to vacate under 28 U.S.C. § 2255 and is TRANSFERRED to the Sixth Circuit for certification pursuant to 28 U.S.C. § 1631.

                                            s/Robert H. Cleland           /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: August 3, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Habeas\11-20551.GIBSON.deny.rensentencing.transfer.HEK.docx